```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
UNITED STATES OF AMERICA,               :
                                        :     18cr41-14 (DLC)
            -v-                         :     22cv7022 (DLC)
                                        :
DEANDRE MORRISON,                       :        ORDER
                                        :
                        Defendant.      :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On September 13, 2019, the defendant Deandre Morrison was sentenced principally to a term of imprisonment of 318 months. In a motion dated August 6, 2022, and docketed on August 16, the defendant claimed that he received ineffective assistance of counsel because his attorney never responded to his requests to file an appeal. The time to file an appeal of his sentence has long since passed. See Fed. R. App. P. 4(b)(1)(A) (absent a cross-appeal, a criminal defendant has 14 days to appeal the entry of judgment against him).

In the event that the defendant wishes that his motion be treated as a petition for a writ of habeas corpus brought under 28 U.S.C. § 2255, the defendant is advised that 28 U.S.C. § 2255 imposes a "1-year period of limitation" on the filing of a petition under that section. 28 U.S.C. § 2255(f)(1). The one-year period of limitation begins to run, as relevant to this motion, from "the date on which the judgment of conviction


becomes final." Id.; Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (finding that, where a defendant did not appeal, a conviction is final under § 2255 after the period for filing a direct appeal expires). The one-year time limit to file therefore expired on September 28, 2020.

"A petitioner may secure equitable tolling of the limitations period in certain rare and exceptional circumstances." Martinez v. Superintendent of E. Corr. Facility, 806 F.3d 27, 31 (2d Cir. 2015), as corrected (Nov. 12, 2015) (citation omitted). To benefit from equitable tolling, the "petitioner must establish that (a) extraordinary circumstances prevented him from filing a timely petition, and (b) he acted with reasonable diligence during the period for which he now seeks tolling." Id.; Holland v. Florida, 560 U.S. 631, 649 (2010). If the defendant wishes for this motion to be treated as a habeas petition, the motion must "specify all the grounds for relief which are available to the movant and of which he has or, by the exercise of reasonable diligence, should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Rules Governing Section 2255 Proceedings, Rule 2(b)). Accordingly, it is hereby

ORDERED that the defendant shall advise the Court by **October 5, 2022** whether he wishes the Court to treat his motion

as a habeas petition or to dismiss it. If the defendant wishes the Court to treat the motion as a habeas petition filed pursuant to § 2255, he may make a submission to the Court demonstrating that he has acted diligently and that there were extraordinary circumstances that prevented him from timely filing his § 2255 petition. In the event that the defendant fails to make such a showing, this petition shall be dismissed as time-barred. Any response to the defendant's submission shall be filed no later than **November 16, 2022.**

Dated:   New York, New York
         August 24, 2022

                                          _____
                                                  DENISE COTE
                                          United States District Judge