```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
UNITED STATES OF AMERICA,                :
                                         :    18cr41-14 (DLC)
              -v-                        :    22cv7022 (DLC)
                                         :
DEANDRE MORRISON,                        :         ORDER
                                         :
                         Defendant.      :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

On September 13, 2019, the defendant Deandre Morrison was sentenced principally to a term of imprisonment of 318 months. In a motion dated August 6, 2022, and docketed on August 16, the defendant claimed that he received ineffective assistance of counsel because his attorney never responded to his requests to file an appeal.

On August 24, this Court issued an Order requiring the defendant to state by October 5 whether he wished his motion to be treated as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, and if so, to demonstrate that extraordinary circumstances prevented him from bringing his motion within § 2255(f)(1)'s one-year time limit. The August 24 Order warned the defendant that, absent such a showing, his petition would be dismissed as time-barred. The defendant has made no further submission in this case, and more than three years have passed since the defendant's opportunity to file a direct appeal

expired.  See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (conviction becomes final under § 2255 after the period for filing a direct appeal expires).  Accordingly, it is hereby

ORDERED that the defendant's petition is dismissed as time-barred under 28 U.S.C. § 2255(f)(1).  To the extent that this Order qualifies as "the final order in a proceeding under [28 U.S.C. § 2255]," 28 U.S.C. § 2253(c)(1)(B), the defendant has not made a substantial showing of a denial of a federal right and, therefore, a certificate of appealability shall not be granted.  Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 445 (1962).

Dated:   New York, New York
         October 24, 2022

                                    _____
                                         DENISE COTE
                                    United States District Judge