UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
UNITED STATES OF AMERICA,                 :
                                          :        18cr41-14 (DLC)
            -v-                           :        23cv2526 (DLC)
                                          :
DEANDRE MORRISON,                         :        ORDER
                                          :
                     Defendant.           :
                                          :
------------------------------------------X

DENISE COTE, District Judge:

On September 13, 2019, the defendant Deandre Morrison was
sentenced principally to a term of imprisonment of 318 months.
In a motion dated August 6, 2022, and docketed on August 16, the
defendant claimed that he received ineffective assistance of
counsel because his attorney never responded to his requests to
file an appeal.  At that point, it was already significantly
past the deadline for the defendant to file an appeal of his
sentence.  See Fed. R. App. P. 4(b)(1)(A) (absent a cross-
appeal, a criminal defendant has 14 days to appeal the entry of
judgment against him).

On August 24, the Court issued an Order requiring the
defendant to state by October 5 whether he wished his motion to
be treated as a petition for a writ of habeas corpus pursuant to
28 U.S.C. § 2255, and if so, to demonstrate that extraordinary
circumstances prevented him from bringing his motion within the
applicable one-year time limit.  The defendant failed to respond

1

to this Order in a timely manner.  Thus, on October 24, the
Court issued an Order dismissing the defendant's petition as
time-barred.

On October 31, the defendant sent a letter stating that he
had tried to respond to the August 24 Order and that he did not
wish the August 16 letter to be construed as a § 2255 motion.
In response, the Court issued an Order explaining that the civil
docket would remain closed, and that the August 16 letter would
not be construed as a § 2255 motion.

On March 15, 2023, the defendant submitted another letter
which was docketed on March 21.  This letter again claimed that
the defendant received ineffective assistance of counsel because
his attorney did not respond to the defendant's requests to file
an appeal of his sentence.  The March 15 letter also stated that
the defendant did not file a timely § 2255 motion because his
attorney did not respond to the defendant's requests to provide
him with pertinent legal documents.

As the defendant has already been advised, § 2255 imposes a
"1-year period of limitation" on the filing of a petition for a
writ of habeas corpus under that section.  28 U.S.C.
§ 2255(f)(1).  The one-year period of limitation begins to run,
as relevant to this motion, from "the date on which the judgment
of conviction becomes final."  Id.; Moshier v. United States,
402 F.3d 116, 118 (2d Cir. 2005) (finding that, where a

2

defendant did not appeal, a conviction is final under § 2255 after the period for filing a direct appeal expires).  The one-year time limit to file therefore expired on September 28, 2020.

"A petitioner may secure equitable tolling of the limitations period in certain rare and exceptional circumstances."  Martinez v. Superintendent of E. Corr. Facility, 806 F.3d 27, 31 (2d Cir. 2015), as corrected (Nov. 12, 2015) (citation omitted).  To benefit from equitable tolling, the "petitioner must establish that (a) extraordinary circumstances prevented him from filing a timely petition, and (b) he acted with reasonable diligence during the period for which he now seeks tolling."  Id.; Holland v. Florida, 560 U.S. 631, 649 (2010).  Additionally, a motion for a writ of habeas corpus under § 2255 must "specify all the grounds for relief which are available to the movant and of which he has or, by the exercise of reasonable diligence, should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."  Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Rules Governing Section 2255 Proceedings, Rule 2(b)).  Accordingly, it is hereby

ORDERED that the defendant's March 15 letter shall be construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2255.

IT IS FURTHER ORDERED that the defendant may, by **June 2, 2023**, make a submission to the Court demonstrating that he has acted diligently and that there were extraordinary circumstances that prevented him from timely filing his § 2255 petition.  If the defendant does not make a further submission, the Court will determine whether the petition is time-barred based on the defendant's submissions thus far.  If the defendant makes a further submission and the Court requires a response from the Government, the Court will set a schedule for filing such a response.

IT IS FURTHER ORDERED that if the defendant has any further grounds for relief, he must articulate them in his submission.


Dated:    New York, New York
          April 18, 2023

                              _____
                              DENISE COTE
                              United States District Judge